LAND, J.
This is a suit for damages for alleged breach of contract evidenced by a written bid and acceptance, as follows:
“We propose to pull out or break all piles in the way of the work to be done by U. S. engineer in Third district as may be designated by you for the sum of four dollars and twenty cents ($4.20) per pile. If bid accepted work to be done at once.
“[Signed] M. P. Doullut & Son.
“I am instructed by Mr. Chas. Yenni, president, that your bid of the 24th inst. is accepted.
“You to remove all the piles in the Third district, as may be designated by our engineer,, at $4.20 per pile, you to assume all costs and expenses in so doing.
“[Signed] C. A. Harris, Actg. Secy.'’
*937 Plaintiffs commenced work, and under the -supervision of the engineer of the defendant board removed 3,905 piles at $4.20 per pile, making the sum of $16,401, which was .duly paid the plaintiffs on the presentment of .their account.
The board then abrogated the contract and notified the plaintiffs not to proceed further with the work. Plaintiffs thereupon brought the present' suit, which was dismissed on an exception of no cause of action. Plaintiffs have appealed.
Plaintiffs’ suit for damages is predicated •on the theory that the contract in question •embraced all the old piling on the river front in the Third district between Desiré and Egania streets, and that when the contract was abrogated, without sufficient cause, there remained not less than 2,500 piles to .be removed. The damages claimed consist of $4,090, alleged “loss on depreciation in value” of the plant required for the purposes -of the work, and $7,550, alleged loss of profit on the remainder of the work.
It is alleged: That the United States engineer in charge of the bank protection work in the Third district of New Orleans requested the defendant board of commissioners to have all the old piling between Desiré and Egania streets removed in order that the .construction of said work might be begun .and prosecuted by the United States Government ; that the said board of commissioners, in compliance with said request, invited bids for the removal of all piles in the way of the work to be done by the United States govern.ment under the supervision of the engineer of said board; that plaintiffs on February 24, 1908, submitted a bid in writing to pull up or break all piles in the way of said work for the price of $4.20 per pile; that on February 26, 1908, said bid was- accepted by the board, “for the removal of all piles in the ■Third district -as might be designated by the •engineer of said board in charge, at $4.20 per pile”; that plaintiffs thereupon constructed a plant and procured an outfit to do said work at a total cost of $7,050; that plaintiffs commenced work on or about August 1, 1908, and continued to perform same under the supervision of the engineer of the said board, and to his satisfaction, cutting and breaking off piles driven in the river in front of the lower portion of the Third district between Desiré and Egania streets; that the work so performed amounted to 3,095 piles at $4.20 per pile, making the sum of $16,401, for which amount plaintiffs rendered an account to the defendant board, and, after the same was duly approved, said amount was paid over to petitioners; that on September 17, 1908, the said board, while said work was still in progress, abrogated said contract and notified plaintiffs not -to proceed further with the work; that plaintiffs, besides the loss resulting from the depreciation of their plant and outfit amounting to $4,090, would have made a clear profit of $7,550 under said contract on the remainder of said work, removing the balance of said piles, not less than 2,500 in number.
Plaintiffs’ claim for damages, as already stated, is predicated on the theory that the contract between the parties included all the old piling between Desiré and Egania streets; but, as the contract is in writing, the recital must control the allegation of the petition. It is clear from the bid and acceptance thereof that the contract only covered such piling as might be designated by the engineer of the board. Plaintiffs’ construction of the contract is that it embraced all the piles in the Third district between certain streets, and that the function of the engineer was merely that of supervision. On the contrary, the words “as may be designated by the engineer” qualify the words “all piles in the Third district,” and the result is that the number of piles to be removed was left to the judgment and discretion of the engineer. *939 A large number of piles were designated and removed, and it is not alleged that the engineer arbitrarily or fraudulently refused to designate other piling that it was necessary to remove in aid of the work of bank protection undertaken by the general government. It is not alleged that the board or its engineer misled the plaintiffs as to the extent of the work, or acted in bad faith for the purposes of gain or of injuring the plaintiffs. In short, the petition discloses no legal or equitable ground for relief against the plain letter of the contract.
Judgment affirmed.